United States District Court
Southern District of Texas
**ENTERED**
March 29, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS EDWIN COULTER, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-2105 |
| DEERE & COMPANY, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Marquis Edwin Coulter alleges that he was driving a John Deere mower when it flipped over and exploded in 2017. Coulter suffered second- and third-degree burns and required an extended hospital stay. Coulter, his wife, and children sued the mower manufacturer and sellers in state court. The plaintiffs sued Deere & Company, Tellus Equipment Solutions, LLC, f/n/a Ag-Pro Texas, LLC, and Cardinal Heavy Equipment Holdings, LLC, for negligence and gross negligence, and sued Deere & Company for strict liability based on design defect, manufacturing defect, failure to warn, and breach of implied warranties of fitness for a particular purpose and merchantability. The defendants removed. Coulter seeks remand for lack of complete diversity. The defendants moved to dismiss.

Based on the pleadings; the motion, response, and reply; and the applicable law, the court finds that Tellus and Cardinal were improperly joined. The record does not show a reasonable likelihood that the plaintiffs will recover against them under state law. Because their citizenship is disregarded, this court has federal removal jurisdiction. The plaintiffs' motion to remand is denied. Because the complaint allegations against Deere are inadequate, the court grants the

motion to dismiss, but without prejudice and with leave to amend. Any amendment must be filed by April 25, 2022. The reasons for these rulings are explained below.

**I.      Background**

Marquis Edwin Coulter alleges that he was properly operating a John Deere mower when it flipped over and exploded in 2017. Coulter suffered second- and third-degree burns and required an extended hospital stay. Trish Yvonne Snyder, Coulter's wife, and his minor children, M. C., K. C., and J. C., seek damages based on a loss of consortium. Coulter and Snyder, representing themselves and their minor children, sued Deere & Company, Tellus Equipment Solutions, LLC, f/n/a Ag-Pro Texas, LLC, and Cardinal Heavy Equipment Holdings, LLC, in state court, alleging negligence and gross negligence against all defendants and as to Deere & Company, alleging strict products liability based on design defect, manufacturing defect, failure to warn, and breach of implied warranties of fitness for a particular purpose and merchantability. (Docket Entry No. 1-3). Deere & Company removed to federal court, and argued that jurisdiction was proper because Tellus and Cardinal were improperly joined. The plaintiffs moved to remand and filed an amended complaint. (Docket Entry No. 14, 33). The defendants moved to dismiss. (Docket Entry Nos. 19, 20).

Coulter alleges that Deere designed "designed, manufactured, and produced" the mower, and that Tellus and Cardinal "sold, maintained, repaired, and equipped" it. (Docket Entry No. 14 at 3–4). Coulter recites a history of Deere mowers igniting and Deere recalling mowers due to overheating. (Docket Entry No. 14 at 7–9). Coulter alleges that the mower that injured him, the 017 Z920M John Deere Commercial Ztrak Mower, did not have a fuel system designed to mitigate the risk of fire and that the mower was improperly weighted. (Docket Entry No. 14 at 10–11).

**II.     Subject Matter Jurisdiction and Improper Joinder**

   **A.     The Legal Standard**

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis omitted); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Irby*, 326 F.3d at 649). "[R]emoval jurisdiction should be determined on the basis of the state court complaint at the time of removal, and [] a plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). A "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*  A court may find that in some cases, "hopefully few in number, . . . a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The 12(b)(6)-type analysis requires applying the

*Twombly* and *Iqbal* plausibility standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

**B.     Analysis**

The defendants argue that Tellus and Cardinal are improperly joined because the plaintiffs cannot state a claim against them as nonmanufacturing sellers. Under the Texas Product Liability Act, a nonmanufacturing seller is not liable in a products-liability suit unless one of the seven statutory exception applies. Tex. Civ. Prac. & Rem. Code § 82.003(a). "'Products liability action' means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code § 82.001(2).

"Manufacturer" means a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce. Tex. Civ. Prac. & Rem. Code § 82.001. The plaintiffs' state court petition, the operative pleading at the time of removal, alleges that Deere manufactured the mower and Tellus and Cardinal "sold, maintained, repaired, and equipped" the mower. (Docket Entry No. 14 at 3–4). Selling, maintaining, repairing, and equipping are insufficient bases for the plaintiffs to recover against Tellus or Cardinal as a manufacturer. The allegations against Tellus and Cardinal in the state court petition are that Tellus and Cardinal failed to use ordinary care while maintaining, servicing, and equipping the mower, which caused the mower to flip over, or in the alternative, to explode; and

4

Tellus and Cardinal had actual, subjective awareness of the risks of fuel spillage and fire, but were deliberately indifferent to the danger they posed to the plaintiffs' rights, safety and welfare.

The plaintiffs filed a post-removal amended complaint against Tellus and Cardinal which included additional allegations of negligent servicing and failure to warn. The court cannot consider the amended complaint in assessing jurisdiction. "[R]emoval jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995). A plaintiff cannot "amend away the basis for federal jurisdiction." *Id.* "Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." *Id.* at 264. The court will look to the state-court complaint on file when the case was removed.

In the motion to remand, the plaintiffs argue that they have sufficiently stated a claim against Tellus and Cardinal as manufacturers, and the plaintiffs do not argue that any exceptions for nonmanufacturing sellers apply. The court's analysis could conclude here, because the plaintiffs did not allege or argue any facts showing that Cardinal and Tellus were manufacturers. But in the plaintiffs' response to Cardinal and Tellus's motion to dismiss, the plaintiffs argued that two exceptions apply to Tellus and Cardinal. The court addresses these as well.

The first exception is that Tellus and Cardinal "altered or modified the product," which resulted in the plaintiffs' harm. Tex. Civ. Prac. & Rem. Code § 82.003(a)(2). The plaintiffs rely on their allegation that Tellus and Cardinal were negligent in "maintaining, servicing, and equipping" the mower. (Docket Entry No. 22 at 4). Their petition does not describe how Tellus

5

or Cardinal were negligent in maintaining, servicing, or equipping any particular part of the mower so as to alter a particular part in a way that caused the mower to flip and ignite.

The plaintiffs also argue that Tellus and Cardinal had actual knowledge of the defect that caused their harm. (Docket Entry No. 22 at 4). They rely on their allegation that "Defendants had actual, subjective awareness of the risk of fuel spillage and fire, but nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff." (Docket Entry No. 22 at 4). This is a recitation of the gross-negligence standard under Texas damages law. Tex. Civ. Prac. & Rem. Code § 41.001 (the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others"). The plaintiffs do not plead specific facts to support their conclusory allegations that the defendants had actual knowledge of a defect that caused the mower to flip over and explode. They plead only that Tellus and Cardinal had knowledge of a general risk of "fuel spillage and fire." (Docket Entry No. 22 at 4). Texas law requires actual knowledge of the condition that renders the product defective. *Williams v. Avon Prod., Inc.*, No. 4:19-CV-02337, 2019 WL 6040073, at *4 (S.D. Tex. Oct. 24, 2019) (collecting cases), *report and recommendation adopted*, No. 4.19-CV-02337, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019). The actual knowledge requirement "cannot be satisfied with a showing of negligent oversight, constructive knowledge, or similar allegations that a seller could or 'should have known of a defect in a product.'" *Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *4 (S.D. Tex. July 18, 2017) (quoting *Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *3 (S.D. Tex. May 10, 2013)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Coulter's general

6

allegations of actual knowledge are insufficient to state a claim under against a nonmanufacturer under 82.003(a)(6).

Finally, even if an exception applied, "[c]ourts have repeatedly rejected Texas state-law claims against post-sale providers for negligent maintenance, repair, and service," because "Texas law does not impose a duty on post-sale servicing companies . . . to warn about an alleged product defect." *Garcia v. Deere & Co.*, No. 3:20-CV-0095, 2020 WL 4192894, at *2 (S.D. Tex. July 21, 2020) (collecting cases). The plaintiffs have not shown that there is possibility of recovery against Tellus and Cardinal.[1]

## III. Deere's Motion to Dismiss

### A. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] In reply in support of the motion to remand, the plaintiffs cite to documents showing that non-party Ag-Pro Texas was involved in the service and repair of Coulter's mower. (Docket Entry No. 36 at 1–4). As explained, the court's review for jurisdictional facts is limited to the allegations in the state court complaint. Additionally, Cardinal and Tellus acquired Ag-Pro Texas after the mower's last service from Ag-Pro Texas and without responsibility for liabilities before the closing date. (Docket Entry No. 38-2 at 3–4). These documents are irrelevant to the claims against Cardinal and Tellus.

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**B.  Analysis**

    **1.  The Design Defect Claim**

Deere argues that the design defect claims against Deere should be dismissed because plaintiffs did not allege a safe alternative design. "Recognizing that a safer alternative design is a

8

necessary element to a substantive design defect claim under Texas substantive law, federal procedural law requires that the pleading allege sufficient facts to support the plausibility of that element." *Rodriguez v. Gilead Scis., Inc.*, No. 2:14-CV-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015). The plaintiffs argue the mower was defective because the mower's design "unnecessarily exposed the fuel system, Mower engine, and the Mower's components to damage and unreasonably exposed the operator to the risk of fire, significant injury, and death" and the mower was improperly weighted to prevent rollovers. (Docket Entry No. 14 at ¶ 46). The plaintiffs allege that a safer alternative design was available but they do not describe that design sufficient to show that a safer design was plausible. The plaintiffs allege that "[t]here were a safer alternative designs that, in reasonable probability would have prevented, or significantly reduced the risk of the injury in question without substantially impairing the product's utility. These alternative designs were economically and technologically feasible at the time the product left Defendant Deere's control." (Docket Entry No. 14 at 11). These are conclusory allegations. Without additional detail, this is insufficient to state a claim for design defect.

### 2.     The Manufacturing Defect Claim

A manufacturing defect "exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders its unreasonably dangerous." *Casey v. Toyota Motors Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th Cir. 2014). The plaintiffs allege that the mower did not properly protect the fuel system and the component parts, unnecessarily exposing the fuel system and "unreasonably expos[ing] the operator to the risk of fire." (Docket Entry No. 14 at 10). The plaintiffs argue that they have pleaded a manufacturing defect by alleging that the mower "exposed the operator to the risk of fire in a rollover sequence because of the risks of leaked fuel from the engine and its component parts"; and that "the Mower

exposed the operator to a higher risk of rollover in the first place." (Docket Entry No. 21 at 5). But the plaintiffs refer only to an increased risk of fire or rollover based on the failure to protect from fire or rollover. This is circular. There are no allegations that the manufactured product deviated from the design or specifications.

The plaintiffs allege that the mower may have suffered from the same risk of defective blades that caused a recall of Deere mowers in 2018. But this allegation does not provide a factual basis to infer that the mower at issue was defectively manufactured so as to increase the risk of rollover and fire.

### 3.     The Strict Liability Claim

Under Texas law, a defendant may be held strictly liable for its products sold "in a defective condition unreasonably dangerous to the user or consumer." *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 381–82 (Tex. 1995) (internal quotations and emphasis omitted). To assert a strict liability design defect claim, a plaintiff must show that: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (citing *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 256-57 (Tex. 1999); TEX. CIV. PRAC. & REM. CODE § 82.005(a)). As explained above, the plaintiffs have failed to allege that a safer alternative design existed.

Under a failure to warn theory, "a product may be unreasonably dangerous if a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous." *Polanco*, 2014 WL 12599332, at *2. The plaintiffs have alleged that Deere should have known of the risk of fuel spillage and fire from a rollover, and failed to warn the plaintiffs of

these risks. These allegations are conclusory and do not address how the alleged failed warning rendered the mower unreasonably dangerous or how the lack of warning caused Coulter's injuries.

### 4. The Negligent Design and Warranty Claims

The plaintiffs concede that their negligence and warranty claims are based on the same defects described above. "When a plaintiff alleges a manufacturer was negligent in designing, manufacturing, or marketing a product, the plaintiff must establish its injury resulted from a product defect." *Garcia*, 2021 WL 3745188, at *2. "Strict-liability's and breach-of-warranty's concepts of 'defect' are functionally identical." *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 665 (Tex. 1999). "Proof of a defect is required for a claim of breach of implied warranty of merchantability." *Carlton v. Olympus Corp. of Americas*, No. 1:18-CV-00026-LY, 2019 WL 6037322, at *11 (W.D. Tex. July 26, 2019), *report and recommendation adopted*, No. 1:18-CV-26-LY, 2019 WL 6037277 (W.D. Tex. Aug. 23, 2019).

Without an alleged product defect, the remaining claims for negligence or breach of warranty fail alongside the others.

## IV. Conclusion

Coulter's motion to remand, (Docket Entry No. 33), is denied. Cardinal and Tellus's motions to dismiss, (Docket Entry No. 20), are moot. Deere's motion to dismiss, (Docket Entry No. 19), is granted, without prejudice and with leave to amend. The amended complaint must be filed no later than April 24, 2022.

SIGNED on March 29, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge